O’Gorman, J.
The demurrer in this case is not sustained.
By the terms and legal effect of the policy of insurance on the life of Archibald T. Finn the amount of insurance was payable to his wife, if living, and if dead. *414 to such of his children as were then living, and to such of the children of his deceased children as should be then living. These children of the deceased children of Mr. Finn were entitled to the share to which their parents were entitled. Hull v. Hull, 62 How. 100.
Mrs. Finn, the wife of Archibald Finn, died in 1864; Archibald Finn, her husband, died in March, 1885. At the time of his death only one of his children was living, Caroline C. Finn, and there were then also living Christeane Anthon, Archibald F. Anthon and George C. Anthon, children of Katherine, a deceased daughter.
These were the only persons entitled to share in the policy.
Myraette Miles, another daughter of Archibald Finn and his wife, also died before him without leaving any children, and her husband took out letters of administration on her estate.
The insurance company paid to Charles Miles, the said administrator of his deceased wife, one third of the amount of his policy. This payment was unauthorized and illegal, and unlawfully reduced the amount properly payable to Archibald F. Anthon and George C. Anthon, grandchildren of the deceased Archibald Finn, living at his death.
The plaintiff, as their guardian, brings this action to recover the full amount to which they are entitled, giving due credit for any amounts that they have heretofore received.
The plaintiff has a clear right to do so.
The demurrer on all the grounds stated is overruled.
O’Gorman, J.
At the earnest request of the learned counsel for the defendant, I have consented to a rehearing and reconsideration of the argument upon the demurrer herein, and have arrived at the following conclusions :
The defendant claims that the status, rights and interests of the beneficiaries in' the insurance were *415 fixed definitely on the death of the wife of Finn, the cestui que vie, and that Mrs. Miles, one of the daughters living at the time of the death of her mother, then acquired a vested interest in one third of the amount secured by the policy. That on her death, subsequently, but before the death of Finn, the “ cestui que vie,” that interest vested in the administrator and was properly paid to him by the defendant.
On the other hand it is contended on behalf of the children of Katherine Anthon, that the interest of Mrs. Miles was not definitely fixed until the death of the cestui que vie, and that she having previously died without leaving children or grandchildren her administrator had no right to any share of the money payable on the death of the cestui que vie.
I am still of the opinion that the latter is correct.
The intention of the insurance was to provide for the wife and children of the cestui que vie during their lives and for the use and benefit of them only. It looks to a provision for a state of widowhood and for orphan children. Barry v. Equitable Life Ass. Society, 59 N. Y. 587, 593; Eadie v. Slimmon, 26 Ib. 9; Olmsted v. Keyes, 85 Ib. 593; Brummer v. Cohn, 86 Ib. 11, 16, 17; Smillie v. Quinn, 90 Ib. 492, 496 ; Whitehead v. N. Y. Life Ins. Co., 102 Ib. 143,152.
The interest which vested in Mrs. Miles on the death of her mother was then only inchoate and uncertain.
It could not become complete, certain or available until the death of the cestui que vie. If she was then living her interest would have matured and become certain and a chose in action in her favor, or if she had then died leaving a child or grandchild her interest would have matured and become certain and available in their favor. But she, having died before the cestui que vie, her inchoate interest never matured in her favor, and having left neither child nor grandchild there was no one in whose behalf her said inchoate interest could mature and become available. Thus her admin *416 istrator took nothing, and the payment to him by the defendant was without authority of law. I am not insensible to the force of the arguments presented to me on behalf of the defendant. The cases cited, however, are not so similar in their essential facts to the case at bar as to afford me any sufficient guidance.
The conclusion to which I have arrived seems to me more in harmony with the purpose and intent of the law, as well as of the cestui que vie, than that for which the defense contends. In my opinion that intent was to provide support for a living wife or living children or grandchildren, and the persons entitled to share in the fund were only such as should occupy either of these positions at the time of the death of the cestui que vie, at which time alone the distribution should be made.
I adhere to the opinion heretofore expressed by me.
G. C. Frelinghuysen, attorney, and Horace Barnard of counsel, for appellant.
Stewart & Sheldon, attorneys, and Edward W. Sheldon of counsel, for respondent.
Per Curiam.
The order and judgment are affirmed with costs, on the opinions of the special term, with leave to the appellant to withdraw demurrer and answer on payment of costs.